**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DOMINIQUE HODRICK, #Y31929,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-01062-SMY** |
| | ) | |
| **GEDDY MCDONALD,** | ) | |
| **AMANDA CHOATE,** | ) | |
| **N BIRHNER,** | ) | |
| **MAJOR EDVAIDE, and** | ) | |
| **ANTHONY WILLS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff Dominique Hodrick, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Western Illinois Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred during his time at Menard Correctional Center. He claims a correctional officer inflicted excessive force on him and medical staff ignored his medical needs, in violation of his constitutional rights. He seeks monetary damages and injunctive relief. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): On July 2, 2024,

Plaintiff was assaulted by other prisoners and knocked out while in the Menard recreations yard. (Doc. 1, p. 5). After 20–30 seconds, Plaintiff stood up and tried to find help but was shot in the head 10 times with a pepper ball launcher by Defendant C/O Geddy MacDonald.

Plaintiff was then cuffed and brought to the health care unit. A doctor concluded that Plaintiff may have suffered a concussion. He ordered overnight observation and stated that he would check back in with Plaintiff in 24 hours. Plaintiff was instead taken to segregation—when Plaintiff asked why, the officer escorting him said that it was because Plaintiff had been "fighting." The unidentified officer presented Plaintiff with a form, which Plaintiff signed without reading. (Doc. 1, p. 6).

While in segregation, Plaintiff complained about a bad headache. Later, he was found unresponsive in his cell and brought back to the health care unit. The doctor who had initially examined Plaintiff asked why Plaintiff had not been under observation. Defendant Nurse Amanda Choate responded that Plaintiff had "refused medical." A paramedic arrived, and on examining Plaintiff's head injury, concluded that Plaintiff should have been brought to the hospital the previous day. Plaintiff was taken to the hospital where tests showed that Plaintiff had a concussion.

Plaintiff was later returned to segregation at Menard. On July 9, 2024, the adjustment committee concluded that Plaintiff was "not guilty due to medical condition" of creating a dangerous disturbance and disobeying a direct order. On July 11, 2024, Plaintiff was released from segregation and placed back in same area where the assault took place.[1]

Plaintiff filed multiple grievances from August 2024 to February 2026 concerning his injury and subsequent treatment but did not receive a response. (Doc. 1, pp. 6–8). Plaintiff

[1] Plaintiff claims that returning him to this cell house constituted "failure to protect" and "cruel and unusual punishment" (Doc. 1, p. 6), but fails to allege that any of the Defendants were responsible or even involved in the decision to move him back.

requests money damages and an injunction "ordering all correctional officers [to] wear body cameras" and that the "grievance process be reformed." (Doc. 1, p. 9).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment excessive force claim against McDonald for shooting Plaintiff with the pepper-ball launcher and causing a concussion.

Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Choate for failing to provide adequate treatment for his head injury.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Preliminary Dismissals**

Plaintiff includes N. Birhner, Major Edvaide, and Anthony Wills as Defendants, but does not mention them in his statement of claim or describe what they allegedly did to violate his constitutional rights. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Instead, a plaintiff is required to associate specific defendants with specific facts and claims so defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal

events upon which the claims are based). Because Plaintiff has not stated colorable claims against Birhner, Edvaide, or Wills, those claims and defendants will be dismissed without prejudice.

## **Discussion**

### **Count 1**

"Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). Plaintiff alleges he posed no threat to McDonald and was the victim of an assault by other prisoners. He further alleges that while he was struggling to walk away to safety, McDonald shot him in the head with a pepper-ball launcher 10 times. Based on these allegations, Count 1 will proceed against McDonald.

### **Count 2**

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* An objectively serious condition includes a condition that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Although Plaintiff claims his medical treatment constituted deliberate indifference, he fails

to connect such a violation of his constitutional rights to Choate. While Choate is mentioned by name in the Complaint, her only alleged involvement was speaking to Plaintiff's doctor in the health care unit and stating that Plaintiff was not under observation because he had "refused medical." Beyond this, Plaintiff does not allege Choate had any role in his treatment or knowledge of his medical needs. Therefore, Plaintiff's claims in Count 2 against Choate are dismissed without prejudice.

## Official Capacity Claims

Plaintiff raises claims against each defendant in his or her individual and official capacities. Plaintiff's claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against Defendants are dismissed without prejudice.

## Injunctive Relief

Because the Complaint includes a request for injunctive relief, the Warden of Menard Correctional Center, in his/her official capacity, will be added to the docket regarding the request for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

## Disposition

The Complaint states colorable claims in Count 1 against Geddy McDonald. Count 2 and Amanda Choate, N. Birhner, Major Edvaide, and Anthony Wills are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Menard Correctional Center, in his or her official capacity, to the docket for purposes of Plaintiff's claim for injunctive relief.

The Clerk shall prepare for Geddy McDonald, and the Warden of Menard Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: November 23, 2026**



**STACI M. YANDLE**
**Chief U.S. District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.